CARTER, Judge.
This is a suit for damages arising out of a fall on an offshore platform. The trial judge determined that plaintiff was not at fault and awarded plaintiff damages against Union Oil. From the judgment awarding plaintiff $262,326.23 in damages, plaintiff appeals.[1]
Plaintiff contends that the trial judge erred in awarding insufficient damages for various items of damage, including lost wages, past and future pain, suffering, and disability, and loss of sexual function.
The trial judge, in written reasons for judgment, articulated the damage awards and justifications for each award. We have carefully examined the entire record and the written reasons for judgment and conclude that the trial judge was correct in his assessment of damages, except for the award for loss of sexual function.
In his reasons for judgment, the trial judge weighed the evidence with regard to loss of sexual function presented by both parties and specifically accepted the testimony of plaintiff’s expert. The trial judge then determined that plaintiff sustained a loss of sexual function which was caused by the accident. However, the trial judge awarded plaintiff only $25,000.00 in damages for loss of sexual function. Clearly, the trial judge abused his discretion in the quantum award.
Plaintiffs loss of sexual function is probably permanent, according to his urologist’s testimony, and he was only thirty-six years old at the time of the accident. Plaintiff and his wife both testified that, prior to his accident, they maintained a satisfactory sex life and that, since the accident, it has been unsatisfactory. The remedies which plaintiff’s urologist explained were available to plaintiff were in *674 jections or a surgical penile implant. Neither of these remedies is a substitute for normal male functioning, and neither is without possible side effects or complications. For these reasons, we find the award inadequate and must look to prior awards in factually similar cases to determine the lowest award a reasonable trier of fact could have rendered. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
In Labit v. Setiff, 489 So.2d 942 (La.App. 5th Cir.1986), writ not considered, 491 So.2d 381 (La.1986), the court found that a $125,000.00 damage award for loss of sexual function due to back surgery in a forty-four-year-old man was not excessive. In Placide v. Jay, 378 So.2d 473 (La.App. 3rd Cir.1979), the plaintiff was rendered impotent due to a direct injury to the penis. The plaintiff received a prosthesis or penile implant, but due to complications with the prosthesis, he underwent three surgeries after the initial implant. In the final surgery, the prosthesis was removed and not replaced. The appellate court reduced the total damage award of $540,000.00 to $250,-000.00 for general damages.
Accordingly, we raise the award for loss of sexual function to $125,000.00, the lowest level a reasonable trier of fact could have awarded.
For these reasons, the trial court judgment is amended to increase the award for loss of sexual function from $25,000.00 to $125,000.00. In all other respects, the trial court judgment is affirmed. Union is cast for all costs.
AMENDED IN PART AND, AS AMENDED, AFFIRMED.

. Union Oil answered plaintiff’s appeal, denying that plaintiff was entitled to relief on appeal and, alternatively, contending that the trial judge erred in excluding the testimony of a witness.